(130 So. 776)
## SOUTHERN SURETY CO. v. STATE, for Use of STEWART.
### 8 Div. 105.

Supreme Court of Alabama.
Oct. 16, 1930.

Rehearing Denied Nov. 28, 1930.

Lanier & Pride, of Huntsville, for appellant.

R. E. Spragins, of Huntsville, for appellee.

BROWN, J.

This is an action on a contractor's bond given in connection with a contract awarded by the state highway department for the construction of a sector of one of the state highways in Madison county, designated in the contract as "project S-51," to recover a balance alleged to be due Stewart for material and labor furnished to the contractor in aid of the work of constructing said highway.

The first two assignments of error are rested upon the ruling of the court on the demurrers to the complaint. The only reference to these rulings in brief and argument of appellant is found in the general statement that "the appeal in this cause is prosecuted because of the error claimed in *overruling demurrers to the original and amended complaint*, the rendition of the original judgment and the overruling of the motion for a new trial." (Italics supplied.)

This is not sufficient insistence, under the repeated rulings of the court, to invite consideration of these assignments. Republic Iron & Steel Co. v. Quinton, 194 Ala..126, 69 So. 604.

The trial was before the court without jury.

The work and labor done and the material furnished by Stewart was done and furnished under an oral agreement between the parties. The evidence given ore tenus was in conflict as to some of the terms and conditions of the contract. Appellant's contention, to state it in the language of the brief being "that the contract while verbal, provided that Stewart should remove all the earth and all the rock in his sector required to be moved in accordance with the specifications of the engineer, and not just a part or portion thereof; that

after beginning the work and doing a part only, Stewart, at a time when contractors were depending on him to complete the work in his sector, abandoned the job, refused to complete the same, and that as a result the laying of concrete was held up, and contractors in order to complete the project, were required to take charge of the Stewart sector and complete the work agreed to be done by Stewart, causing them loss of time, damage and expense, and that taking into consideration the amounts paid and advanced to Stewart, and the cost of completion of his work, and the damage for delay, that the contractors were not liable to Stewart for any amount, but to the contrary that Stewart owed them a balance of something over four hundred dollars."

The appellee's contention, on the other hand, was that he was to receive 27 cents per yard for earth and $1.25 a yard for rock removed according to grade stakes set at the time of the contract; that he performed the work as agreed; that, after he had completed some of the work, the stakes were reset so as to require further grading which was not within his undertaking.

The evidence was without dispute that the leveling and finishing of the grade for the concrete laying and shaping the shoulders was to be done by the contractor.

Among items charged by the contractor against Stewart, in dispute, was $840 at $40 per day for 21 days, as a penalty for delaying the work. Another was demurrage on cars which the contractor had paid, $554.

There was no stipulation in the contract between Stewart and the contractor as to when the work under the contract was to be completed, and no stipulations as to penalty or liquidated damages; nor was there anything in the evidence going to show that the demurrage was properly chargeable against Stewart.

Other items attended with doubt might be mentioned.

On the whole, after indulging the usual and necessary presumption in favor of the conclusion of the trial court, who saw and heard the witnesses, we are not in a position to affirm that judgment is wrong and unjust.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.